IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ELIZABETH ANN CHRISMAN, ) | |
| as Special Administrator of the Estate of ) | |
| Charlton Cash Chrisman, Deceased, and ) | |
| Individually as Surviving Mother and ) | Case No.   CIV-17-1309-D |
| on behalf of the Heirs of ) | |
| Charlton Cash Chrisman, Deceased ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 1. BOARD OF COUNTY COMMISSIONERS ) | |
| OF OKLAHOMA COUNTY, In Its Official ) | |
| Capacity as Governing Body of the ) | |
| County of Oklahoma County, ) | |
| ) | |
| 2.COUNTY OF OKLAHOMA COUNTY, ) | |
| a Political Subdivision of the State of Oklahoma, ) | |
| ) | |
| 3. P.D. TAYLOR, In His Official Capacity as ) | |
| Acting Sheriff of Oklahoma County, ) | |
| ) | |
| 4. COLTON RAY, Individually, ) | |
| ) | |
| 5. BRIAN HARRISON, Individually, ) | |
| ) | |
| 6. MICHAEL COBURN, Individually, ) | |
| ) | |
| 7. KRISTIAN RANGEL, Individually, ) | |
| ) | |
| 8. FRANCISCO PLASCENCIA, Individually, ) | |
| ) | |
| 9. JOHN DOE, Individually, and ) | |
| ) | |
| 10. JOHN WHETSEL, Individually, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

COMES NOW the plaintiff, Elizabeth Ann Chrisman, as Special Administrator of the Estate of Charlton Cash Chrisman, Deceased, and Individually as surviving Mother and on behalf of the Heirs of Charlton Cash Chrisman, Deceased, and for her joint and several causes of action, against the defendant Board of County Commissioners of Oklahoma County in its official capacity as governing body of the County of Oklahoma County, defendant County of Oklahoma County, defendant P.D. Taylor in his official capacity as Acting Sheriff of Oklahoma County, defendant Colton Ray, individually, defendant Brian Harrison, individually, defendant Michael Coburn, individually, defendant Kristian Rangel, individually, defendant Francisco Plascencia, individually [defendants Ray, Harrison, Coburn, Rangel and Plascencia may hereafter be collectively referred to as the ***"defendant detention officers"***], defendant John Doe, individually, and defendant John Whetsel, individually, alleges and states as follows:

## JURISDICTION, VENUE AND PARTIES

1.      The plaintiff is a citizen of Oklahoma County, Oklahoma, within the Western District of Oklahoma, and is the biological mother of Charlton Cash Chrisman, Deceased.

2.      The plaintiff is also the duly appointed Special Administrator of the Estate of Charlton Cash Chrisman, Deceased, and was so appointed in the case styled *In the Matter of the Estate of Charlton Cash Chrisman, Deceased*, District Court of Canadian County, Case No. PB-2017-106, within the Western District of Oklahoma.

3.      The plaintiff brings this action in her capacity as Special Administrator of the

Estate of Charlton Cash Chrisman and individually as surviving mother of and on behalf of the heirs of Charlton Cash Chrisman pursuant to Oklahoma's wrongful death statute, 51 O.S. 2011, §1053. The heirs of Charlton Cash Chrisman, for purposes of Oklahoma's wrongful death statute, are Steven Chrisman, surviving father, and Charlton Cash Chrisman's two minor children.

4.      Defendant Board of County Commissioners of Oklahoma County (hereafter, the "Board") is the duly elected and constituted governing body of defendant County of Oklahoma County, State of Oklahoma.

5.      Defendant County of Oklahoma County (hereafter, the "County") is a duly constituted political subdivision of the State of Oklahoma, located in the Western District of the State of Oklahoma.

6.      Defendant Board is charged with the duty of administering and overseeing all governmental functions of and for the County of Oklahoma County.

7.      Among the governmental functions which the defendant Board administers and oversees is the operation of the Oklahoma County Jail.

8.      Defendant P.D. Taylor, in his official capacity, was, at all pertinent times, the Acting Sheriff of and for the defendant County. At all pertinent times, defendant Taylor, on behalf of the defendant Board and defendant County, was in charge of the operation of the Oklahoma County Jail.

9.      Defendant Colton Ray was, at all pertinent times, an employee of the defendant

County and was a Detention Officer with the rank of sergeant, working within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

10.     Defendant Brian Harrison was, at all pertinent times, an employee of the defendant County and was a Detention Officer with the rank of corporal, working within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

11.     Defendant Michael Coburn was, at all pertinent times, an employee of the defendant County and was a Detention Officer with the rank of corporal, working within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

12.     Defendant Kristian Rangel was, at all pertinent times, an employee of the defendant County and was a Detention Officer with rank of "Deputy," working within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

13.     Defendant Francisco Plascencia was, at all pertinent times, an employee of the defendant County and was a Detention Officer, working within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

14.     Defendant John Doe, whose name is not now known to the plaintiff, was, at all pertinent times, an employee of the defendant County and was a member of the Oklahoma County Jail's maintenance personnel, working within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

15.     Defendant John Whetsel was the duly elected Oklahoma County Sheriff from or about 1997 through March 1, 2017, and was an officer and employee of the defendant County.

16.     All events and transactions giving rise to the plaintiff's causes of action arose in Oklahoma County, Oklahoma, within the Western District of Oklahoma.

17.     Subject matter jurisdiction in this Court is predicated upon this Court's jurisdiction over issues involving federal questions pursuant to 28 U.S.C. §1331. In the present case, federal questions arise under U.S. Const. amends. IV and XIV and under 42 U.S.C. §1983.

18.     This Court further has subject matter jurisdiction over the plaintiff's state law claims pursuant to this Court's supplemental jurisdiction, as provided in 28 U.S.C. §1367, as all of the plaintiff's state law claims are so related to the plaintiff's federal claims herein as to form part of the same case and controversy.

19.     This Court has jurisdiction over the parties in that all parties reside within and/or are located within the Western District of Oklahoma.

20.     Pursuant to 28 U.S.C. §1391 (b)(1), venue properly lies in the Western District of Oklahoma in that all defendants conduct business within and/or reside within the Western District of Oklahoma. Additionally, pursuant to 28 U.S.C. §3291(b)(2), venue properly lies in the Western District of Oklahoma in that all events that give rise to the plaintiff's claims occurred within the Western District of Oklahoma.

21.     Plaintiff Elizabeth Ann Chrisman, as Special Administrator of the Estate of Charlton Cash Chrisman, Deceased, timely served notice of the plaintiff's state law tort claims against the defendant County and defendant P.D. Taylor, in his capacity as Acting Sheriff of Oklahoma County, pursuant to the Oklahoma Governmental Tort Claims Act, 51

O.S. 2011, §§151 et seq., on June 5, 2017.  Defendant County neither settled nor denied the aforesaid tort claims within 90 days from and after service of notice, and, therefore, according to the provisions of the Act, the plaintiff's claims were deemed denied by the defendant County, as a matter of Oklahoma state law, on September 5, 2017, which was the expiration of the said 90-day period. The present state law governmental torts claims against the defendant County are brought within the statutory time of 180 days following the denial of the claims. 51 O.S. 2011, §157.

22.     Plaintiff also brings this action under Oklahoma's wrongful death statutes, 12 O.S. 2011, §§1053 and 1054. In this regard, the plaintiff is the proper party to bring a wrongful death action as Special Administrator of the Estate of Charlton Cash Chrisman, and also individually and on behalf of the heirs of Charlton Cash Chrisman as the proper "next of Kin" under 12 O.S. 2011, §§1053 and 1054.

## FACTS

23.     On or about April 18, 2017, Charlton Cash Chrisman was placed under arrest by the Oklahoma Police Department at Deaconess Hospital in Oklahoma City.   At approximately 7:00 a.m, the Oklahoma City Police Department delivered Mr. Chrisman to the custody of the defendant County, defendant Board, and, more specifically, to the custody of the Oklahoma County Sheriff's Office personnel and defendant Taylor at the Oklahoma County Jail.

24.     Defendant Board, defendant County, Oklahoma County Jail personnel,

including Jail medical personnel, and defendant Taylor were all on notice that Mr. Chrisman was emotionally/mentally/psychologically unstable and disturbed at the time of his delivery to the Oklahoma County Jail and during his confinement at the Oklahoma County Jail.

25.    The defendant Board, defendant County, Oklahoma County Jail personnel, including Jail medical personnel, and defendant Taylor were aware during the day and evening hours of April 18, 2017, and carrying into the early morning hours of April 19, 2017, that Mr. Chrisman was emotionally/mentally/psychologically unstable and disturbed as manifested by Mr. Chrisman displaying and/or openly experiencing outbursts, hallucinations, delusions and confusion.

26.    Defendant Board, defendant County, Oklahoma County Jail personnel, including Jail medical personnel, and defendant Taylor were all on notice that Mr. Chrisman had, in the hours immediately preceding his delivery to the Oklahoma County Jail, driven his vehicle into the lobby area of the Deaconess Hospital Emergency Room.

27.    Mr. Chrisman's aforesaid outbursts, hallucinations, delusions and confusion included Mr. Chrisman "seeing" his ex-wife and minor children on the premises and in his presence at the Jail, and screaming and punching the walls and/or doors of his cell within the men's holding area to get out of the view of his ex-wife and children, so as not to be seen by them.  Further, much of the aforesaid outbursts, hallucinations, delusions and confusion was observed by Oklahoma County detention and medical personnel.

28.    Mr. Chrisman's emotional/mental/psychological instability was such that

Oklahoma County Jail medical personnel noted, at approximately 12:40 p.m., on April 18, 2017, that Mr. Chrisman needed to be placed on suicide watch.

29.     Defendant Board, defendant County, Oklahoma County Jail personnel, including Jail medical personnel, and defendant Taylor were all on notice that Mr. Chrisman had been in the Oklahoma County Jail, on a prior occasion, from late January to early February, 2017.  The said defendants were also all on notice, at that time, that Jail medical personnel had recommended that Mr. Chrisman undergo a mental health evaluation.  The said defendants were also all on notice, at that time, that Mr. Chrisman had been diagnosed with Anosognosia, had been in the Crisis Center previously, and had been released from the Crisis Center to go to Red Rock mental health facility for appropriate medications.

30.     Defendant Board, defendant County, Oklahoma County Jail detention and medical personnel and defendant Taylor were all on notice that Mr. Chrisman had that Mr. Chrisman had in his possession at the time of his delivery to the Oklahoma County Jail a vial of Olanzapine, i.e., an antipsychotic medication, revealing that Mr. Chrisman had been seen at Griffin Memorial Hospital, a mental health facility, in Norman, Oklahoma.

31.     At no time did the defendant Board, defendant County, Oklahoma County Jail detention and medical personnel, and defendant Taylor provide to Mr. Chrisman the emotional/mental/psychological/psychiatric treatment which he needed and which the aforesaid defendants all recognized that he needed.

32.     Defendant Board, defendant County, defendant Taylor and defendants Ray, Harrison, Coburn, Rangel, Plascencia, John Doe knew, and/or should have known, that

during the early morning hours of April 19, 2017, Mr. Chrisman was emotionally/mentally/psychologically unstable and disturbed.

33.     Yet, knowing of Mr. Chrisman's emotional/mental/psychological condition much earlier on April 18 and 19, 2017, the defendant Board, defendant County and defendant Taylor failed to provide proper medical/emotional/psychological/psychiatric care for Mr. Chrisman.

34.     As a result of Mr. Chrisman's emotional/mental/psychological instability, the defendant Board, defendant County and defendant Taylor, through the Jail's personnel, placed Charlton Cash Chrisman in a separate cell where he thereafter remained isolated from other prisoners. At a time subsequent to being placed in a separate cell, Mr. Chrisman allegedly set off a sprinkler head on the ceiling of the cell where he was being held in isolation from other prisoners, allegedly causing the cell and surrounding areas to "flood."

35.     Upon Mr. Chrisman continuing to exhibit the aforesaid emotional/ mentally/psychological instability, and contemporaneous with the sprinkler incident, the defendant Board, the defendant County, defendant Taylor, the defendant detention officers and/or defendant John Doe, jointly and severally, under color of state law, employed excessive physical force upon and against Charlton Cash Chrisman, resulting in Mr. Chrisman suffering severe physical injury, emotional injury and death.

36.     The excessive force used by the defendant Board, defendant County, defendant Taylor, defendant detention officers and defendant John Doe upon Mr. Chrisman included, but was not limited to:

(1)     Physical battery upon Mr. Chrisman while his hands were cuffed and his feet were shackled;

(2)     Use of pepper spray in Mr. Chrisman's face and then covering his face with a spit hood so as to, in a life -threatening manner, inhibit Mr. Chrisman's ability to breath;

(3)     Shooting Mr. Chrisman with "pepper balls" approximately 16 times; and

(4)     Placing Mr. Chrisman face down on the floor, still cuffed and shackled, while the defendant detention officers and/or defendant John Doe physically beat Mr. Chrisman, including powerful "knee drops" onto and into Mr. Chrisman's back.

37.     During his entire tenure as Oklahoma County Sheriff, defendant Whetsel was in charge of the operation of the Oklahoma County Jail.

38.     During his entire tenure as Oklahoma County Sheriff, defendant Whetsel created, approved and/or implemented the policies and procedures of the Oklahoma County Jail, including, but not limited to, policies and procedures relating to the training of detention officers, the hiring of detention officers, the supervision of detention officers, the retention of detention officers and the use of force on prisoners.

39.     At all pertinent times, defendant Whetsel was acting within the scope of his office and employment with the defendant County, and under color of state law.

40.     At all pertinent times, the defendant Board, defendant County, defendant

Whetsel and defendant Taylor maintained a "S.E.R.T." team at the Oklahoma County Jail, which was supposedly a specialized team of detention officers who were to be used in responding to problem prisoners.

41.     At all pertinent times, the defendant County and defendant Board acted through defendant Whetsel, defendant Taylor, the individual defendant detention officers, defendant John Doe and the employees and/or other agents of the County at the Oklahoma County Jail, and are liable, under the doctrine of respondeat superior, for all of the acts and omissions of all Oklahoma County Jail personnel.

42.     At all pertinent times, defendant Ray was working within the scope of his employment for the defendant County, within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

43.     At all pertinent times, defendant Harrison was working within the scope of his employment for the defendant County, within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

44.     At all pertinent times, defendant Coburn  was working within the scope of his employment for the defendant County, within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

45.     At all pertinent times, defendant Rangel was working within the scope of her employment for the defendant County, within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

46.     At all pertinent times, defendant Plascencia was working within the scope of his employment for the defendant County, within the Oklahoma County Sheriff's Office and at the Oklahoma County Jail.

47.     At all pertinent times, defendant John Doe was working within the scope of his employment for the defendant County, within the Oklahoma County Sheriff's Office at the Oklahoma County Jail.

48.     Following the death of Mr. Chrisman and after reviewing a video of the incident, defendant Taylor immediately reassigned all of the defendant detention officers and defendant John Doe to positions within the Oklahoma County Jail where the said defendants would not come into contact with Jail prisoners.

49.     Following the death of Mr. Chrisman, defendant Taylor publically admitted that various policies and procedures at the Oklahoma County Jail, in effect at the time, were improper, that the policy allowing for the self-training of the defendant officers as part of the S.E.R.T. team was improper and that such self-training should not have happened.

50.     The defendant detention officers, defendant John Doe, defendant Taylor and defendant John Whetsel were, at all pertinent times, employed by the defendant County.

51.     Defendant Board and defendant County are vicariously liable, under the doctrine of respondeat superior, for the acts, omissions, policies and procedures of defendant Taylor, defendant Whetsel and/or the other respective individual defendants, as applicable.

52.     Defendant Board and defendant County are vicariously liable, under the

doctrine of respondeat superior, for the acts and omissions of all other unnamed Oklahoma County Jail personnel and medical personnel.

53.     At all pertinent times, all defendants were acting under color of state law.

54.     Charlton Cash Chrisman was the 20th prisoner to have died in the Oklahoma County Jail from and after January 1, 2016, and is among over 30 prisoners who have died in the Oklahoma County Jail from January 1, 2016, to date.

**COUNT I**
**(Defendants Board of County Commissioners,**
**County of Oklahoma County, Whetsel and Taylor–**
**Deprivation of Civil Rights)**

55.     The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-54, above, and in Paragraph Nos. 66-219, below.

56.     At all times while a prisoner in the Oklahoma County, Charlton Cash Chrisman, Deceased, had a liberty interest, protected by the Fourteenth Amendment to the United States Constitution, to be free from physical, emotional and/or psychological harm without due process of law, and right to be free from unreasonable warrantless seizures of his body pursuant to the Fourth Amendment to the United States Constitution.

57.     At all times while a prisoner in the Oklahoma County Jail, Charlton Cash Chrisman, Deceased, had a right to his life and had a right to not be denied his life by the defendant Board, the defendant County, and/or the individual defendants named herein without due process of law.

58.     The defendant Board, defendant County, defendant Whetsel and defendant

Taylor maintained policies and procedures at the Oklahoma County Jail whereby detention officers were allowed to self-train themselves as part of and/or to be part of the Oklahoma County Jail's "S.E.R.T." team.

59.     The defendant Board, defendant County, defendant Whetsel and defendant Taylor maintained policies to not properly train detention officers who were members of the "S.E.R.T." team.

60.     Defendant Board, defendant County, defendant Whetsel and defendant Taylor maintained policies and procedures to allow untrained and/or ill-trained detention officers and personnel to be members of the S.E.R.T. team and to subdue problem prisoners, including Charlton Cash Chrisman, at and within the Oklahoma County Jail.

61.     Defendant Board, defendant County, defendant Whetsel and defendant Taylor maintained policies and procedures allowing and/or resulting in the excessive use of force on the part of Jail detention officers upon and against Jail prisoners, including Charlton Cash Chrisman.

62.     The conduct of defendant Board, defendant County, defendant Whetsel and/or defendant Taylor establishes their deliberate indifference for the safety, physical well-being, emotional welfare, psychological welfare and lives of Oklahoma County Jail prisoners, including Charlton Cash Chrisman. Such deliberate indifference is exhibited by, *inter alia*, the following:

    (A)     Knowingly allowing Jail Detention Officers to self-train regarding their participation on the "S.E.R.T." team;

(B)     Knowingly failing to provide professional training to Oklahoma County Jail Detention Officers as members of the "S.E.R.T." team;

(C)     Knowingly allowing untrained and/or ill-trained detention officers to be members of the S.E.R.T. team and to engage and/or subdue problem prisoners;

(D)     Knowingly allowing Jail personnel, including the defendant detention officers and defendant John Doe, to use excessive force, including, but not limited to:

    (1)     Excessive and wrongful use of "pepper balls" on jail prisoners;

    (2)     Use of pepper spray and then covering the prisoner's face with a spit hood; and

    (3)     Beating prisoners whose hands are cuffed and whose feet are shackled;

(E)     Knowingly allowing Jail personnel, including the defendant detention officers and defendant John Doe, to use "pepper balls" on Jail prisoners in a life-threatening manner.

(F)     Creating an environment within the Oklahoma County Jail whereby excessive use of force on Jail prisoners by Jail detention officers became accepted conduct and the norm, and ultimately, through their deliberate indifference, became the *de facto* policy of the defendant Board and defendant County.

(G)     Creating an environment within the Oklahoma County Jail whereby ignoring and failing to attend to the medical, emotional, mental and/or psychological needs and/or conditions of Jail prisoners, including Charlton Cash Chrisman, became accepted and the norm and ultimately, through their deliberate

indifference, became the *de facto* policy of the defendant Board and defendant

County.

(H)    Defendant Board, defendant County and/or defendant Whetsel deliberately

failing and refusing to pay the Jail's contracted medical provider millions of

dollars owed to the medical provider.

63.    Defendant Board, defendant County, defendant Whetsel and defendant Taylor

in his official capacity, jointly and severally with the defendant detention officers and John

Doe, violated Charlton Cash Chrisman's civil rights by and by unlawfully seizing his body

in violation of the Fourth Amendment to the United States Constitution, and by depriving

him of his aforesaid liberty interests and his life without due process of law in violation of

the Fourteenth Amendment to the United States Constitution, all under color of state law.

64.    The defendant Board's and defendant County's, defendant Whetsel's  and

defendant Taylor's joint and several violations of Charlton Cash Chrisman's civil rights

proximately and directly caused damages to Charlton Cash Chrisman, including extreme

physical damages, extreme emotional damages, economic damages and loss of life, and

proximately and directly caused additional damages to plaintiff, individually and on behalf

of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor

children of Charlton Cash Chrisman and grief and loss of companionship of the said minor

children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

65.    The aforesaid conduct of defendants Board and County, was egregious,

wanton, and in reckless disregard of the civil rights of Charlton Cash Chrisman. The

aforesaid conduct of these defendants was such that they should be made to suffer punitive damages, jointly and severally, so as to punish these defendants and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against the defendant Board and defendant County on this Count I of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

### COUNT II
### (Defendant Ray–Deprivation of Civil Rights)

66.     The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-65, above, and in Paragraph Nos. 78-219, below.

67.     On or about April 18-19, 2017, defendant Ray was called, together with the other defendant detention officers, to engage with Charlton Cash Chrisman who was, at the time, emotionally/mentally/psychologically unstable and was suffering from hallucinations, delusions  and confusion while being held in a place of solitary confinement within the Oklahoma County Jail.

68.     Defendant Ray, together with the other defendant detention officers and/or John Doe, exercised and used excessive physical force, including the use of weapons, upon Charlton Cash Chrisman.

69.     Defendant Ray, together with the other defendant detention officers and/or

defendant John Doe, participated in wrongfully firing approximately 16 "pepper balls" at and into the body of Charlton Cash Chrisman while Mr. Chrisman's hands were bound with handcuffs and while his feet were shackled.

70.     Defendant Ray, along with the other defendant detention officers and/or John Doe, contemporaneously with the firing of "pepper balls," also fired pepper spray into the face of Mr. Chrisman and wrongfully placed a spit hood cover over Mr. Chrisman's face, severely inhibiting Mr. Chrisman's ability to breathe.

71.     Defendant Ray, together with the other defendant detention officers and/or defendant John Doe, rolled Mr. Chrisman, who was seated in a chair with wheels while still handcuffed and still bound at the ankles, out of the room of solitary confinement and into a common walkway on the first floor of the Oklahoma County Jail. At that time, defendant Ray, together with the other defendant detention officers and/or defendant John Doe, forced Mr. Chrisman to the floor, face down, while his hands and ankles were still bound. At that time, defendant Ray, together with the other defendant detention officers and/or defendant John Doe, engaged in a series of "knee drops" whereby one or more of the defendant detention officers and/or defendant John Doe, using the full weight and force of their bodies, dropped their entire bodies, knee first, onto and into Mr. Chrisman's back, causing severe and fatal injuries.

72.     The aforesaid conduct of defendant Ray, together with that of the other defendant detention officers and/or defendant John Doe, constituted excessive use of force

upon Mr. Chrisman by defendant Ray, the other defendant detention officers and/or defendant John Doe.

73.    The aforesaid conduct of defendant Ray, together with that of the other defendant detention officers and/or defendant John Doe, was wanton and in reckless disregard of the civil rights of Charlton Cash Chrisman.

74.    Defendant Ray was, at all pertinent times, employed as and acting as a Jail Detention Officer under color of state law.

75.    Defendant Ray violated Charlton Cash Chrisman's civil rights to be free from unreasonable warrantless seizure of his body as guaranteed by the Fourth Amendment to the United States Constitution, and his right to be free from deprivation of his liberty interests and his life without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

76.    Defendant Ray's violations of Charlton Cash Chrisman's civil rights, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

77.    The aforesaid conduct of defendant Ray was egregious, wanton, and in reckless

disregard of the civil rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Ray was such that defendant Ray should be made to suffer punitive damages so as to punish defendant Ray and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Ray on this Count II of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

## COUNT III
### (Defendant Harrison, Individually–Deprivation of Civil Rights)

78.     The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-77, above, and in Paragraph Nos. 90-219, below.

79.     On or about April 18-19, 2017, defendant Harrison was called, together with the other defendant detention officers, to engage with Charlton Cash Chrisman who was, at the time, emotionally/mentally/psychologically unstable and was suffering from hallucinations, delusions and confusion while being held in a place of solitary confinement within the Oklahoma County Jail.

80.     Defendant Harrison, together with the other defendant detention officers and/or John Doe, exercised and used excessive physical force, including the use of weapons, upon Charlton Cash Chrisman.

81.     Defendant Harrison, together with the other defendant detention officers and/or

defendant John Doe, participated in wrongfully firing approximately 16 "pepper balls" at and into the body of Charlton Cash Chrisman while Mr. Chrisman's hands were bound with handcuffs and while his feet were shackled.

82.     Defendant Harrison, along with the other defendant detention officers and/or John Doe, contemporaneously with the firing of "pepper balls," also fired pepper spray into the face of Mr. Chrisman and wrongfully placed a spit hood cover over Mr. Chrisman's face, severely inhibiting Mr. Chrisman's ability to breathe.

83.     Defendant Harrison, together with the other defendant detention officers and/or defendant John Doe, rolled Mr. Chrisman, who was seated in a chair with wheels while still handcuffed and still bound at the ankles, out of the room of solitary confinement and into a common walkway on the first floor of the Oklahoma County Jail. At that time, defendant Harrison, together with the other defendant detention officers and/or defendant John Doe, forced Mr. Chrisman to the floor, face down, while his hands and ankles were still bound. At that time, defendant Harrison, together with the other defendant detention officers and/or defendant John Doe, engaged in a series of "knee drops" whereby one or more of the defendant detention officers and/or defendant John Doe, using the full weight and force of their bodies, dropped their entire bodies, knee first, onto and into Mr. Chrisman's back, causing severe and fatal injuries.

84.     The aforesaid conduct of defendant Harrison, together with that of the other defendant detention officers and/or defendant John Doe, constituted excessive use of force

upon Mr. Chrisman by defendant Harrison, the other defendant detention officers and/or defendant John Doe.

85.     The aforesaid conduct of defendant Harrison, together with that of the other defendant detention officers and/or defendant John Doe, was wanton and in reckless disregard of the civil rights of Charlton Cash Chrisman.

86.     Defendant Harrison was, at all pertinent times, employed as and acting as a Jail Detention Officer under color of state law.

87.     Defendant Harrison violated Charlton Cash Chrisman's civil rights  to be free from unreasonable warrantless seizure of his body as guaranteed by the Fourth Amendment to the United States Constitution, and his right to be free from deprivation of his liberty interests and his life without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

88.     Defendant Harrison's violations of Charlton Cash Chrisman's civil rights, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

89.     The aforesaid conduct of defendant Harrison was egregious, wanton, and in reckless disregard of the civil rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Harrison was such that defendant Harrison should be made to suffer punitive damages so as to punish defendant Harrison and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Harrison on this Count III of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

## COUNT IV
### (Defendant Coburn, Individually–Deprivation of Civil Rights)

90.     The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-89, above, and in Paragraph Nos. 102-219, below.

91.     On or about April 18-19, 2017, defendant Coburn was called, together with the other defendant detention officers, to engage with Charlton Cash Chrisman who was, at the time, emotionally/mentally/psychologically unstable and was suffering from hallucinations, delusions  and confusion while being held in a place of solitary confinement within the Oklahoma County Jail.

92.     Defendant Coburn, together with the other defendant detention officers and/or John Doe, exercised and used excessive physical force, including the use of weapons, upon Charlton Cash Chrisman.

93.     Defendant Coburn, together with the other defendant detention officers and/or defendant John Doe, participated in wrongfully firing approximately 16 "pepper balls" at and into the body of Charlton Cash Chrisman while Mr. Chrisman's hands were bound with handcuffs and while his feet were shackled.

94.     Defendant Coburn, along with the other defendant detention officers and/or John Doe, contemporaneously with the firing of "pepper balls," also fired pepper spray into the face of Mr. Chrisman and wrongfully placed a spit hood cover over Mr. Chrisman's face, severely inhibiting Mr. Chrisman's ability to breathe.

95.     Defendant Coburn, together with the other defendant detention officers and/or defendant John Doe, rolled Mr. Chrisman, who was seated in a chair with wheels while still handcuffed and still bound at the ankles, out of the room of solitary confinement and into a common walkway on the first floor of the Oklahoma County Jail. At that time, defendant Coburn, together with the other defendant detention officers and/or defendant John Doe, forced Mr. Chrisman to the floor, face down, while his hands and ankles were still bound. At that time, defendant Coburn, together with the other defendant detention officers and/or defendant John Doe, engaged in a series of "knee drops" whereby one or more of the defendant detention officers and/or defendant John Doe, using the full weight and force of their bodies, dropped their entire bodies, knee first, onto and into Mr. Chrisman's back, causing severe and fatal injuries.

96.     The aforesaid conduct of defendant Coburn, together with the other defendant

detention officers and/or defendant John Doe, constituted excessive use of force upon Mr. Chrisman by defendant Coburn, the other defendant detention officers and/or defendant John Doe.

97.    The aforesaid conduct of defendant Coburn, together with that of that of the other defendant detention officers and/or defendant John Doe, was wanton and in reckless disregard of the civil rights of Charlton Cash Chrisman.

98.    Defendant Coburn was, at all pertinent times, employed as and acting as a Jail Detention Officer under color of state law.

99.    Defendant Coburn violated Charlton Cash Chrisman's civil rights to be free from unreasonable warrantless seizure of his body as guaranteed by the Fourth Amendment to the United States Constitution, and his right to be free from deprivation of his liberty interests and his life without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

100.    Defendant Coburn's violations of Charlton Cash Chrisman's civil rights, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

101.    The aforesaid conduct of defendant Coburn was egregious, wanton, and in reckless disregard of the civil rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Coburn was such that defendant Coburn should be made to suffer punitive damages so as to punish defendant Coburn and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Coburn on this Count IV of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

### COUNT V
### (Defendant Rangel–Deprivation of Civil Rights)

102.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-101, above, and in Paragraph Nos. 114-219, below.

103.    On or about April 18-19, 2017, defendant Rangel was called, together with the other defendant detention officers, to engage with Charlton Cash Chrisman who was, at the time, emotionally/mentally/psychologically unstable and was suffering from hallucinations, delusions  and confusion while being held in a place of solitary confinement within the Oklahoma County Jail.

104.    Defendant Rangel, together with the other defendant detention officers and/or John Doe, exercised and used excessive physical force, including the use of weapons, upon Charlton Cash Chrisman.

105.     Defendant Rangel, together with the other defendant detention officers and/or defendant John Doe, participated in wrongfully firing approximately 16 "pepper balls" at and into the body of Charlton Cash Chrisman while Mr. Chrisman's hands were bound with handcuffs and while his feet were shackled.

106.     Defendant Rangel, along with the other defendant detention officers and/or John Doe, contemporaneously with the firing of "pepper balls," also fired pepper spray into the face of Mr. Chrisman and wrongfully placed a spit hood cover over Mr. Chrisman's face, severely inhibiting Mr. Chrisman's ability to breathe.

107.     Defendant Rangel, together with the other defendant detention officers and/or defendant John Doe, rolled Mr. Chrisman, who was seated in a chair with wheels while still handcuffed and still bound at the ankles, out of the room of solitary confinement and into a common walkway on the first floor of the Oklahoma County Jail. At that time, defendant Rangel, together with the other defendant detention officers and/or defendant John Doe, forced Mr. Chrisman to the floor, face down, while his hands and ankles were still bound. At that time, defendant Rangel, together with the other defendant detention officers and/or defendant John Doe, engaged in a series of "knee drops" whereby one or more of the defendant detention officers and/or defendant John Doe, using the full weight and force of their bodies, dropped their entire bodies, knee first, onto and into Mr. Chrisman's back, causing severe and fatal injuries.

108.     The aforesaid conduct of defendant Rangel, together with that of the other defendant detention officers and/or defendant John Doe, constituted excessive use of force

upon Mr. Chrisman by defendant Rangel, the other defendant detention officers and/or defendant John Doe.

109.    The aforesaid conduct of defendant Rangel, together with that of the other defendant detention officers and/or defendant John Doe, was wanton and in reckless disregard of the civil rights of Charlton Cash Chrisman.

110.    Defendant Rangel was, at all pertinent times, employed as and acting as a Jail Detention Officer under color of state law.

111.    Defendant Rangel violated Charlton Cash Chrisman's civil rights to be free from unreasonable warrantless seizure of his body as guaranteed by the Fourth Amendment to the United States Constitution, and to be free from deprivation of his liberty interests and his life without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

112.    Defendant Rangel's violations of Charlton Cash Chrisman's civil rights, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

113.    The aforesaid conduct of defendant Rangel was egregious, wanton, and in reckless disregard of the civil rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Rangel was such that defendant Rangel should be made to suffer punitive damages so as to punish defendant Rangel and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Rangel on this Count V of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

## COUNT VI
### (Defendant Plascencia, Individually–Deprivation of Civil Rights)

114.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-113, above, and in Paragraph Nos. 126 -219, below.

115.    On or about April 18-19, 2017, defendant Plascencia was called, together with the other defendant detention officers, to engage with Charlton Cash Chrisman who was, at the time, emotionally/mentally/psychologically unstable and was suffering from hallucinations, delusions and confusion while being held in a place of solitary confinement within the Oklahoma County Jail.

116.    Defendant Plascencia, together with the other defendant detention officers and/or John Doe, exercised and used excessive physical force, including the use of weapons, upon Charlton Cash Chrisman.

117.    Defendant Plascencia, together with the other defendant detention officers and/or defendant John Doe, participated in wrongfully firing approximately 16 "pepper balls" at and into the body of Charlton Cash Chrisman while Mr. Chrisman's hands were bound with handcuffs and while his feet were shackled.

118.    Defendant Plascencia, along with the other defendant detention officers and/or John Doe, contemporaneously with the firing of "pepper balls," also fired pepper spray into the face of Mr. Chrisman and wrongfully placed a spit hood cover over Mr. Chrisman's face, severely inhibiting Mr. Chrisman's ability to breathe.

119.    Defendant Plascencia, together with the other defendant detention officers and/or defendant John Doe, rolled Mr. Chrisman, who was seated in a chair with wheels while still handcuffed and still bound at the ankles, out of the room of solitary confinement and into a common walkway on the first floor of the Oklahoma County Jail. At that time, defendant Plascencia, together with the other defendant detention officers and/or defendant John Doe, forced Mr. Chrisman to the floor, face down, while his hands and ankles were still bound. At that time, defendant Plascencia, together with the other defendant detention officers and/or defendant John Doe, engaged in a series of "knee drops" whereby one or more of the defendant detention officers and/or defendant John Doe, using the full weight and force of their bodies, dropped their entire bodies, knee first, onto and into Mr. Chrisman's back, causing severe and fatal injuries.

120.    The aforesaid conduct of defendant Plascencia, together with that of the other

defendant detention officers and/or defendant John Doe, constituted excessive use of force upon Mr. Chrisman by defendant Plascencia, the other defendant detention officers and/or defendant John Doe.

121.    The aforesaid conduct of defendant Plascencia, together with that of the other defendant detention officers and/or defendant John Doe, was wanton and in reckless disregard of the civil rights of Charlton Cash Chrisman.

122.    Defendant Plascencia was, at all pertinent times, employed as and acting as a Jail Detention Officer under color of state law.

123.    Defendant Plascencia violated Charlton Cash Chrisman's civil rights to be free from unreasonable warrantless seizure of his body as guaranteed by the Fourth Amendment to the United States Constitution, and his right to be free from deprivation of his liberty interests and his life without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

124.    Defendant Plascencia's violations of Charlton Cash Chrisman's civil rights, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

125.    The aforesaid conduct of defendant Plascencia was egregious, wanton, and in reckless disregard of the civil rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Plascencia was such that defendant Ray should be made to suffer punitive damages so as to punish defendant Plascencia and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Plascencia on this Count VI of the plaintiff' Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

## COUNT VII
### (Defendant John Doe, Individually–Deprivation of Civil Rights)

126.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-125, above, and in Paragraph Nos. 138 - 219, below.

127.    On or about April 18-19, 2017, defendant John Doe was called, together with the defendant detention officers, to the cell where Charlton Cash Chrisman was being held in a state of solitary confinement within the Oklahoma County Jail and at a time when Mr. Chrisman was emotionally/mentally/psychologically unstable.

128.    Defendant John Doe was sent to the aforesaid cell where Mr. Chrisman was being held in isolation ostensibly for the purpose of turning off the aforesaid sprinkler head.

129.    Defendant John Doe, together with the defendant detention officers, exercised and used excessive physical force, including the use of weapons, upon Charlton Cash

Chrisman.

130.    Defendant John Doe, together with the defendant detention officers, participated in the use of excessive force upon Charlton Cash Chrisman while Mr. Chrisman's hands were bound by handcuffs and his feet were shackled.

131.    Following the death of Mr. Chrisman, defendant John Doe was reassigned by defendant Taylor to a position within the Oklahoma County Jail where defendant John Doe would not come into contact with Jail prisoners.

132.    The aforesaid conduct of defendant John Doe, together with that of the defendant detention officers, constituted excessive use of force upon Mr. Chrisman by defendant John Doe and the defendant detention officers.

133.    The conduct of defendant John Doe, together with that of the defendant detention officers, was in reckless disregard of the civil rights of Charlton Cash Chrisman.

134.    Defendant John Doe was, at all pertinent times, acting under color of state law.

135.    Defendant John Doe violated Charlton Cash Chrisman's civil rights to be free from unreasonable warrantless seizure of his body as guaranteed by the Fourth Amendment to the United States Constitution, and his right to be free from deprivation of his liberty interests and his life without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

136.    Defendant John Doe's violations of Charlton Cash Chrisman's civil rights, jointly and severally with the wrongful conduct of all other defendants on all other Counts

herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

137.    The aforesaid conduct of defendant John Doe was egregious, wanton, and in reckless disregard of the civil rights of Charlton Cash Chrisman. The aforesaid conduct of defendant John Doe was such that defendant John Doe should be made to suffer punitive damages so as to punish defendant John Doe and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant John Doe on this Count VII of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs, statutory interest and attorneys fees.

## COUNT VIII
### (Defendant John Whetsel, Individually–Deprivation of Civil Rights)

138.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-137, above, and in Paragraph Nos. 147-219, below.

139.    All of the aforesaid policies and procedures referenced hereinabove, were originally created, maintained and/or implemented by defendant Whetsel, as Oklahoma

County Sheriff and under color of state law, prior to his resignation from office on March 1, 2017.

140.    The aforesaid policies and procedures, originally created, maintained and implemented by defendant Whetsel, remained as the policies and procedures in force at the Oklahoma County Jail subsequent to defendant Whetsel's resignation from office and were in place at the time of Charlton Cash Chrisman's death.

141.    The aforesaid policies and procedures proximately and directly caused the aforementioned deprivation of Charlton Cash Chrisman's aforesaid civil rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, resulting in all of the aforementioned damages suffered by Charlton Cash Chrisman.

142.    Defendant Whetsel, at all pertinent times, had a duty to Charlton Cash Chrisman and all other Oklahoma County Jail prisoners to create, maintain and implement policies and procedures that would not violate the constitutional and civil rights of Charlton Cash Chrisman and all other Jail prisoners.

143.    Defendant Whetsel breached all of his aforesaid duties and did so under color of state law.

144.    Defendant Whetsel's conduct and deliberate indifference in relation to, *inter alia*, the below-listed factors and/or conditions within the Oklahoma County Jail, *i.e.*,

      (1)    the failure to professionally train Oklahoma County Jail detention officers to be members of the S.E.R.T. team;

(2)     allowing S.E.R.T. team members to self-train;

(3)     allowing untrained and/or ill-trained Jail detention officers to be a part of the Jail's S.E.R.T. team;

(4)     allowing and/or creating an atmosphere within the Oklahoma County Jail whereby jail detention officers would be prone to use excessive force on Jail prisoners, including Charlton Cash Chrisman; and

(5)     allowing and/or creating an atmosphere within the Oklahoma County Jail where the use of excessive force on Jail prisoners, including Charlton Cash Chrisman, to become accepted conduct,

resulted in all of the aforesaid factors and/or conditions becoming the *de facto* policies and procedures at and of the Oklahoma County Jail.

145.   Defendant Whetsel's violations of Charlton Cash Chrisman's civil rights, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

146.   The aforesaid conduct and deliberate indifference of defendant Whetsel, and the policies and procedures resulting therefrom, was egregious, wanton, and in reckless

disregard of the civil rights of Charlton Cash Chrisman. The aforesaid conduct and deliberate indifference of defendant Whetsel was such that defendant Whetsel should be made to suffer punitive damages so as to punish defendant Whetsel and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Whetsel on this Count VIII of the plaintiff's Complaint, jointly and severally with all other defendants on all Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00 together with court costs, statutory interest and attorneys fees.

## COUNT IX
### (Defendants Board of County Commissioners and County of Oklahoma County– Negligent Failure to Provide Medical, Psychological and/or Psychiatric Care )

147.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-146, above, and in Paragraph Nos. 154 -219, below.

148.    Defendant County and defendant Board, at all pertinent times, had a duty to provide Charlton Cash Chrisman with medical, mental, emotional, psychological and/or psychiatric care while Mr. Chrisman was in their custody at the Oklahoma County Jail on April 18-19, 2017.

149.    The defendant Board and defendant County breached their duties to provide medical, psychological and/or psychiatric care to Charlton Cash Chrisman.

150.    The defendant Board and defendant County were negligent in their failure to provide medical, mental, emotional, psychological and/or psychiatric care to Charlton Cash Chrisman.

151.    In addition, defendant Board's and defendant County's aforesaid negligence directly caused the damages to plaintiff Elizabeth Ann Chrisman, individually and on behalf of the heirs of Charlton Cash Chrisman, all as allowed by and set forth in 51 O.S. 2011,§1053.

152.    The defendant Board's and defendant County's aforesaid negligence, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

153.    Defendant Board and defendant County are vicariously liable, under the doctrine of respondeat superior, for all of the acts and/or omissions of defendant Taylor and all Oklahoma County Jail personnel, including defendant Whetsel, defendant Taylor, the defendant detention officers and Jail medical personnel.

WHEREFORE, the plaintiff prays the Court enter Judgment against the defendant County of Oklahoma County on this Count IX, jointly and severally with all other defendants on all other Counts, for actual damages in the amount of $175,000.00, pursuant to 51 O.S. 2011, §§ 150 et seq., together with court costs and statutory interest.

## COUNT X
### (Defendants Board of County Commissioners
### and County of Oklahoma County–Negligent Hiring)

154.    The plaintiff hereby adopts and re-alleges each and every allegation set forth

in Paragraph Nos. 1-153, above, and in Paragraph Nos. 162 -219, below.

155.    Defendant Board and defendant County, at all pertinent times, had a duty to

hire qualified detention officers to serve at the Oklahoma County Jail.

156.    The Jail detention officers, including the defendant detention officers, were,

at all pertinent times, untrained, ill-trained and not qualified to serve as members of the Jail

S.E.R.T. team or as detention officers of the Oklahoma County Jail.

157.    Defendant Board and defendant County breached their duty to hire qualified

detention officers and/or to staff the S.E.R.T. team with qualified detention officers.

158.    Defendant Board and defendant County were negligent in their failure to hire

qualified detention officers.

159.    In addition, defendant Board's and defendant County's aforesaid negligence

directly caused the damages to plaintiff Elizabeth Ann Chrisman, individually and on behalf

of the heirs of Charlton Cash Chrisman, all as allowed by and set forth in 51. O.S. §1053.

160.    The defendant Board's and defendant County's aforesaid negligence, jointly

and severally with the wrongful conduct of all other defendants on all other Counts herein,

proximately and directly caused damages to Charlton Cash Chrisman, including extreme

physical damages, extreme emotional damages, economic damages and loss of life, and

proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

161.    Defendant Board and defendant County are vicariously liable, under the doctrine of respondeat superior, for all of the acts and/or omissions of defendant Taylor, defendant Whetsel and all Oklahoma County Jail personnel.

WHEREFORE, the plaintiff prays the Court enter Judgment against the defendant County of Oklahoma County on this Count X, jointly and severally with all other defendants on all other Counts, for actual damages in the amount of $175,000.00, pursuant to 51 O.S. 2011, § 151 et seq., together with court costs and statutory interest.

## COUNT XI
### (Defendants Board of County Commissioners and County of Oklahoma County–Negligent Training )

162.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-161, above, and in Paragraph Nos. 169 -219, below.

163.    Defendant County and defendant Board, at all pertinent times had a duty to properly and adequately train detention officers and maintenance personnel employed at the Oklahoma County Jail.

164.    Defendant Board and defendant County breached their duty to properly and adequately train their detention and maintenance officers, including the defendant detention

officers and defendant John Doe.

165.    Defendant Board and defendant County were negligent in their failure to properly and adequately train their detention and maintenance officers, including the defendant officers and defendant John Doe.

166.    In addition, defendant Board's and defendant County's aforesaid negligence directly caused the damages to plaintiff Elizabeth Ann Chrisman, individually and on behalf of the heirs of Charlton Cash Chrisman, all as allowed by and set forth in 51. O.S. §1053.

167.    The defendant Board's and defendant County's aforesaid negligence, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

168.    Defendant Board and defendant County are vicariously liable, under the doctrine of respondeat superior, for all of the negligent acts and/or omissions of defendant Taylor, defendant Whetsel and all Oklahoma County Jail personnel.

WHEREFORE, the plaintiff prays the Court enter Judgment against the defendant County of Oklahoma County on this Count XI, jointly and severally with all other defendants

on all other Counts, for actual damages in the amount of $175,000.00, together with court costs and statutory interest.

### COUNT XII
### (Defendants Board of County Commissioners and
### Defendant County of Oklahoma County–Negligent Supervision)

169.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-168, above, and in Paragraph Nos. 176 -219, below.

170.    Defendant Board and defendant County, at all pertinent times, had a duty to properly and adequately supervise the conduct of their detention officers and maintenance personnel, at the Oklahoma County Jail, including the conduct of the defendant detention officers and defendant John Doe.

171.    Defendant Board and defendant County breached their duty to properly and adequately supervise the conduct of their detention officers and maintenance personnel, including that of the defendant detention officers and defendant John Doe.

172.    Defendant Board and defendant County were negligent in their failure to properly and adequately supervise the conduct of their detention officers and maintenance personnel at the Oklahoma County Jail, including that of the defendant detention officers and defendant John Doe.

173.    In addition, defendant Board's and defendant County's aforesaid negligence directly caused the damages to plaintiff Elizabeth Ann Chrisman, individually and on behalf of the heirs of Charlton Cash Chrisman, all as allowed by and set forth in 51. O.S. §1053.

174.    The defendant Board's and defendant County's aforesaid negligence, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

Defendant Board's and defendant County's aforesaid negligence directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life.

175.    Defendant Board and defendant County are vicariously liable, under the doctrine of respondeat superior, for all of the negligent acts and/or omissions of defendant Whetsel, defendant Taylor and all Oklahoma County Jail personnel.

WHEREFORE, the plaintiff prays the Court enter Judgment against the defendant County of Oklahoma County on this Count XII, jointly and severally with all other defendants on all other Counts, for actual damages in the amount of $175,000.00, together with court costs and statutory interest.

### COUNT XIII
### (Defendants Board of County Commissioners and
### Defendant County of Oklahoma County–Negligent Retention )

176.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-175, above, and in Paragraph Nos. 183 -219, below.

177.    Defendant Board and defendant County, at all pertinent times, had a duty to retain only properly qualified and properly trained detention officers and maintenance personnel, including the defendant detention officers and defendant John Doe.

178.    Defendant Board and defendant County breached their duty to retain only properly qualified and properly trained  detention officers and maintenance personnel, including the defendant detention officers and defendant John Doe.

179.    Defendant Board and defendant County were negligent in their failure to retain only properly qualified and properly trained detention officers and maintenance personnel.

180.    In addition, defendant Board's and defendant County's aforesaid negligence directly caused the damages to plaintiff Elizabeth Ann Chrisman, individually and on behalf of the heirs of Charlton Cash Chrisman, all as allowed by and set forth in 51. O.S. §1053.

181.    The defendant Board's and defendant County's aforesaid negligence, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor

children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

182.    Defendant Board and defendant County are vicariously liable, under the doctrine of respondeat superior, for all of the negligent acts and/or omissions of defendant Whetsel, defendant Taylor and of all other Oklahoma County Jail personnel.

WHEREFORE, the plaintiff prays the Court enter Judgment against the defendant County of Oklahoma County on this Count XIII, jointly and severally with all other defendants on all other Counts, for actual damages in the amount of $175,000.00, together with court costs and statutory interest.

## COUNT XIV
### (Defendants Board of County Commissioners and
### Defendant County of Oklahoma County–Excessive Use of Force )

183.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-182, above, and in Paragraph Nos. 190 - 219, below.

184.    Defendant Board and defendant County, at all pertinent times, had a duty to refrain from using excessive force upon Charlton Cash Chrisman.

185.    Defendant Board and defendant County breached their duty to refrain from using excessive force upon Charlton Cash Chrisman.

186.    Defendant Board and defendant County either willfully used excessive force upon Charlton Cash Chrisman or, *alternatively*, were negligent in their use of excessive force upon Charlton Cash Chrisman.

187.    In addition, defendant Board's and defendant County's aforesaid willful

excessive use of force and/or *alternative* negligent use of force,  directly caused the damages to plaintiff Elizabeth Ann Chrisman, individually and on behalf of the heirs of Charlton Cash Chrisman, all as allowed by and set forth in 51. O.S. 2001, §1053.

188.   Defendant Board's and defendant County's aforesaid willful use of excessive force or, *alternative* negligent use of force, upon Charlton Cash Chrisman, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

189.   Defendant Board and defendant County are vicariously liable, under the doctrine of respondeat superior, for all of the willful and/or negligent acts and/or omissions of defendant Whetsel, defendant Taylor and all other Oklahoma County Jail personnel, including the defendant detention officers and John Doe.

WHEREFORE, the plaintiff prays the Court enter Judgment against the defendant County of Oklahoma County on this Count XIV, jointly and severally with all other defendants on all other Counts, for actual damages in the amount of $175,000.00, together with court costs and statutory interest.

## COUNT XV
### (Defendant Ray–Battery)

190.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-189, above, and in Paragraph Nos. 195 - 219, below.

191.    All of the aforesaid physical contact perpetrated by defendant Ray, either individually and/or in concert with the other defendant detention officers and/or defendant John Doe, upon Charlton Cash Chrisman was without consent of Mr. Chrisman and constituted multiple batteries upon Chrisman.

192.    The aforesaid batteries perpetrated upon Charlton Cash Chrisman by defendant Ray, either individually and/or in concert with the other defendant detention officers and/or defendant John Doe, were wanton and in reckless disregard of the rights of Charlton Cash Chrisman.

193.    Defendant Ray's batteries upon Charlton Cash Chrisman, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

194.    The aforesaid conduct of defendant Ray was egregious, wanton, and reckless

in disregard of the rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Ray was such that defendant Ray should be made to suffer punitive damages so as to punish defendant Ray and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Ray on this Count XV of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs and statutory interest.

## COUNT XVI
## (Defendant Harrison–Battery)

195.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-194, above, and in Paragraph Nos. 200 - 219, below.

196.    All of the aforesaid physical contact perpetrated by defendant Harrison, either individually and/or in concert with the other defendant detention officers and/or defendant John Doe, upon Charlton Cash Chrisman was without consent of Mr. Chrisman and constituted multiple batteries upon Chrisman.

197.    The aforesaid batteries perpetrated upon Charlton Cash Chrisman by defendant Harrison, either individually and/or in concert with the other defendant detention officers and/or defendant John Doe, were wanton and in reckless disregard of the rights of Charlton Cash Chrisman.

198.    Defendant Harrison's batteries upon Charlton Cash Chrisman, jointly and

severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

199.    The aforesaid conduct of defendant Harrison was egregious, wanton, and reckless in disregard of the rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Harrison was such that defendant Harrison should be made to suffer punitive damages so as to punish defendant Harrison and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Harrison on this Count XVI of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs and statutory interest.

## COUNT XVII
### (Defendant Coburn– Battery)

200.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-199, above, and in Paragraph Nos. 205 -219, below.

201.    All of the aforesaid physical contact perpetrated by defendant Coburn, either

individually and/or in concert with the other defendant detention officers and/or defendant John Doe, upon Charlton Cash Chrisman was without consent of Mr. Chrisman and constituted multiple batteries upon Chrisman.

202.   The aforesaid batteries perpetrated upon Charlton Cash Chrisman by defendant Coburn, either individually and/or in concert with the other defendant detention officers and/or defendant John Doe, were wanton and in reckless disregard of the rights of Charlton Cash Chrisman.

203.   Defendant Coburn's batteries upon Charlton Cash Chrisman, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

204.   The aforesaid conduct of defendant Coburn was egregious, wanton, and reckless in disregard of the rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Coburn was such that defendant Coburn should be made to suffer punitive damages so as to punish defendant Coburn and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Coburn

on this Count XVII of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs and statutory interest.

## COUNT XVIII
### (Defendant Rangel–Battery)

205.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-204, above, and in Paragraph Nos. 210 -219, below.

206.    All of the aforesaid physical contact perpetrated by defendant Rangel, either individually and/or in concert with the other defendant detention officers and/or defendant John Doe, upon Charlton Cash Chrisman was without consent of Mr. Chrisman and constituted multiple batteries upon Chrisman.

207.    The aforesaid batteries perpetrated upon Charlton Cash Chrisman by defendant Rangel, either individually and/or in concert with the other defendant detention officers and/or defendant John Doe, were wanton and in reckless disregard of the rights of Charlton Cash Chrisman.

208.    Defendant Rangel's batteries upon Charlton Cash Chrisman, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf

of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman. 51 O.S. 2011, §1053.

209.    The aforesaid conduct of defendant Rangel was egregious, wanton, and in reckless disregard of the rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Rangel was such that defendant Rangel should be made to suffer punitive damages so as to punish defendant Rangel and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Rangel on this Count XVIII of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs and statutory interest.

## COUNT XIX
### (Defendant Plascencia–Battery)

210.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-209, above, and in Paragraph Nos. 215 -219, below.

211.    All of the aforesaid physical contact perpetrated by defendant Plascencia, either individually and/or in concert with the other defendant detention officers and/or defendant John Doe, upon Charlton Cash Chrisman was without consent of Mr. Chrisman and constituted multiple batteries upon Chrisman.

212.    The aforesaid batteries perpetrated upon Charlton Cash Chrisman by defendant

Plascencia, either individually and/or in concert with the other defendant detention officers and/or defendant John Doe, were wanton and in reckless disregard of the rights of Charlton Cash Chrisman.

213.    Defendant Plascencia's batteries upon Charlton Cash Chrisman, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

214.    The aforesaid conduct of defendant Plascencia was egregious, wanton, and in reckless disregard of the rights of Charlton Cash Chrisman. The aforesaid conduct of defendant Plascencia was such that defendant Plascencia should be made to suffer punitive damages so as to punish defendant Plascencia and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant Plascencia on this Count XIX of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs and statutory interest.

## COUNT XX
## (Defendant John Doe–Battery)

215.    The plaintiff hereby adopts and re-alleges each and every allegation set forth in Paragraph Nos. 1-214, above.

216.    All of the aforesaid physical contact perpetrated by defendant John Doe, either individually and/or in concert with the defendant detention officers, upon Charlton Cash Chrisman was without consent of Mr. Chrisman and constituted multiple batteries upon Chrisman.

217.    The aforesaid batteries perpetrated upon Charlton Cash Chrisman by defendant John Doe, either individually and/or in concert with the defendant detention officers, were wanton and in reckless disregard of the rights of Charlton Cash Chrisman.

218.    Defendant John Doe's batteries upon Charlton Cash Chrisman, jointly and severally with the wrongful conduct of all other defendants on all other Counts herein, proximately and directly caused damages to Charlton Cash Chrisman, including extreme physical damages, extreme emotional damages, economic damages and loss of life, and proximately and directly caused additional damages to plaintiff, individually and on behalf of the heirs of Charlton Cash Chrisman, including pecuniary loss to the surviving minor children of Charlton Cash Chrisman and grief and loss of companionship of the said minor children and of the parents of Charlton Cash Chrisman.  51 O.S. 2011, §1053.

219.    The aforesaid conduct of defendant John Doe was egregious, wanton, and in reckless disregard of the rights of Charlton Cash Chrisman.  The aforesaid conduct of

defendant John Doe was such that defendant John Doe should be made to suffer punitive damages so as to punish defendant John Doe and to set an example for others.

WHEREFORE, the plaintiff prays the Court enter Judgment against defendant John Doe on this Count XX of the plaintiff's Complaint, jointly and severally with all other defendants on all other Counts, for actual damages in an amount in excess of $75,000.00, and for punitive damages in an amount in excess of $75,000.00, together with court costs and statutory interest.

Respectfully Submitted,

s/ Danny K. Shadid
Danny K. Shadid, OBA No.8104
Of Counsel
RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS LAW FIRM
528 NW 12th Street
Oklahoma City, OK 73103
Phone: (405) 843-9909
Facsimile: (405) 842-2913
E-mail:dshadid@riggsabney.com

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**