IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ELIZABETH ANN CHRISMAN, *et al.*,)
                             )
          Plaintiff,          )
                             )
v.                            )     Case No. CIV-17-1309-D
                             )
BOARD OF COUNTY         )
COMMISSIONERS OF OKLAHOMA )
COUNTY, *et al.*,            )
                             )
          Defendants.       )

**DEFENDANT BOARD OF COUNTY COMMISSIONERS OF
OKLAHOMA COUNTY'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**    All video recordings made in the

Oklahoma County Jail by any and all cameras within the control of the Oklahoma

County Jail, at any time, from April 18, 2017, at 6:00 a.m., through and including

April 19, 2017, at 6:00 a.m. This request includes videos made by means of smart

phones and/or other mobile video devices.

**RESPONSE NO. 1:**    The Defendant objects to Request for Production No. 1

as being overly broad and seeking video recordings that are neither relevant nor

proportional to the needs of the case considering the factors identified in Rule

26(b)(1). Video recordings of other floors, hallways, and areas of the jail in which

Mr. Chrisman never appeared have no discernable relevance to the issues in this

case. The Defendant will produce all video recordings that show the areas of the

jail in which Mr. Chrisman was present during the period of April 18, 2017 through



EXHIBIT
6

April 19, 2017.  To the knowledge of the Defendant, there are no other videos made by means of smartphones and/or other mobile video devices.

**REQUEST FOR PRODUCTION NO. 2:**     All video recordings made in the Oklahoma County Jail by any and audio recording devices within the control of the Oklahoma County Jail, at any time, from April 18, 2017, at 6:00 a.m., through and including April 19, 2017, at 6:00 a.m.  This request includes audio recordings made by means of smart phones and/or other mobile recording devices.

**RESPONSE NO. 2:**     The Defendant is unclear as to what is being requested in Request for Production No. 2.  The Defendant believes that this request is asking for any audio recordings.  To the knowledge of the Defendant, there are no audio recordings responsive to this request.  To the knowledge of the Defendant there are no audio recordings made by means of smartphones and/or other mobile recording devices.

**REQUEST FOR PRODUCTION NO. 3:**     Copies of all written and/or recorded statements of any and all persons, in anyway pertaining to Charlton Cash Chrisman.

**RESPONSE NO. 3:**     The Defendant objects to Request for Production No. 3 insofar that it seeks written and/or recorded statements of any persons obtained by counsel for the Defendant.  Such statements would be subject to the work product privilege.  Subject to that objection, non-privileged documents responsive to this request will be produced.

2

**REQUEST FOR PRODUCTION NO. 4:**    All   written   and/or   recorded statements of any and all witnesses including, but not limited to, Jail Personnel, prisoners/detainees, EMSA personnel, Oklahoma City Fire Department personnel, pertaining to Charlton Cash Chrisman.

**RESPONSE NO. 4:**    The Defendant objects to Request for Production No. 4 insofar that it seeks written and/or recorded statements of any persons obtained by counsel for the Defendant.  Such statements would be subject to the work product privilege.  Subject to that objection, non-privileged documents responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 5:**    All   incident   reports,   notes, memoranda, letters, e-mails, text messages, and all other forms of documentation regarding Charlton Cash Chrisman in existence at any time from January 1, 2017, through to the present.

**RESPONSE NO. 5:**    The Defendant objects to Request for Production No. 5 insofar that it seeks documents that are communications between the Defendant and attorneys for the Defendant.  Such documents would be subject to the attorney client privilege.  The Defendant has not identified any text messages that are responsive to this request.  Subject to that objection, the Defendant will produce the documents in its possession that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**    All written and/or electronically-stored Oklahoma County Jail policies and procedures relating to use of force upon

prisoners/detainees in existence at any time from January 1, 2008, through April 19, 2017.

**RESPONSE NO. 6:**        The Defendant objects to Request for Production No. 6 as seeking documents that are overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).  A request for jail policies and procedures going back to a period of almost 10 years prior to the death of Mr. Chrisman is overly broad.  Subject to that objection, the Defendant will produce jail policies and procedure related to the use of force that were in effect in April 2017.

**REQUEST FOR PRODUCTION NO. 7:**        All written and/or electronically-stored Oklahoma County Jail policies and procedures relating to use of force upon prisoners/detainees in existence at any time from April 19, 2017 through to the present.

**RESPONSE NO. 7:**        The Defendant objects to Request for Production No. 7 as being overly broad and seeking information that is neither relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).  In particular, policies and procedures that were not in existence until after the death of Mr. Chrisman have no discernable relevance to the issues in this case.  As previously stated, the Defendant will produce those jail policies and procedures relating to the use of force which were in effect in April of 2017.

**REQUEST FOR PRODUCTION NO. 8:**        All directives, orders, reports, studies and/or all other types of instructive/training materials provided to the

4

Oklahoma County Jail from the United States Department of Justice at any time from January 1, 2008, through the present.

**RESPONSE NO. 8:**        The Defendant objects to Request for Production No. 8 as seeking documents that are overly broad and seeking documents that are neither relevant nor proportional to the needs of the case in consideration of the factors identified in Rule 26(b)(1).

**REQUEST FOR PRODUCTION NO. 9:**        All    documents    pertaining    to Charlton Cash Chrisman received at the Oklahoma County Jail, from any and all sources, on April 18 and/or 19, 2017

**RESPONSE NO. 9:**        Any documents in the possession of the Defendant responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 10:**        All    documents    pertaining    to Charlton Cash Chrisman *received* at the Oklahoma County Jail, from any and all sources, after April 19, 2017.

**RESPONSE NO. 10:**        Any documents in the possession of the Defendant responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 11:**        All documents pertaining to Cash Chrisman *created at* the Oklahoma County Jail on April 18 and/or 19, 2017, and/or at any time thereafter.

**RESPONSE NO. 11:**        Any documents in the possession of the Defendant responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 12:**      All written/electronic/recorded statements of P.D. Taylor in any way pertaining to Charlton Cash Chrisman.

**RESPONSE NO. 12:**      Any documents in the possession of the Defendant responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 13:**      All      written/electronic/recorded public statements of P.D. Taylor in any way relating to the "S.E.R.T." Team at the Oklahoma County Jail.

**RESPONSE NO. 13:**      Sheriff Taylor made certain comments about the S.E.R.T. team that were discussed in the Daily Oklahoman. The Defendant has not identified any other written/electronic/recorded public statements regarding the S.E.R.T. team.

**REQUEST FOR PRODUCTION NO. 14:**      All written and/or electronically stored training materials at the Oklahoma County Jail and/or within the control of the Office of the Oklahoma County Sheriff pertaining to the training of the S.E.R.T. team members at any and all times from January 1, 2008, through April 19, 2017.

**RESPONSE NO. 14:**      The Defendant objects to Request for Production No. 14 as being overly broad and seeking documents that are neither relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).  A request for training materials pertaining to the training of the S.E.R.T. team members for a period of time going back almost 10 years prior to the death of Mr. Chrisman is overly broad.  Subject to that objection, the Defendant will produce

6

those training documents for the S.E.R.T. team members that responded to Mr. Chrisman's cell on April 19, 2017.

**REQUEST FOR PRODUCTION NO. 15:**     All written and/or electronically stored training materials at the Oklahoma County Jail and/or within the control of the Office of the Oklahoma County Sheriff pertaining to the training of the S.E.R.T. Team members at any and all times from April 20, 2017, through the present.

**RESPONSE NO. 15:**     The Defendant objects to Request for Production No. 15 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).

**REQUEST FOR PRODUCTION NO. 16:**     All documents, including purchase orders, invoices, payments, and all other documents, relating to the purchase of pepper balls for the Oklahoma County Jail at any and all times from January 1, 2008, through the present.

**RESPONSE NO. 16:**     The Defendant objects to Request for Production No. 16 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).

**REQUEST FOR PRODUCTION NO. 17:**     All training materials received at the Oklahoma County Jail at any time from January 1, 2008, through the present, relating to the use of pepperballs.

**RESPONSE NO. 17:**     Training materials regarding the use of pepper balls going back to a period of time almost 10 years prior to the death of Mr. Chrisman is overly broad.  Such an overly broad request seeks documents that are neither

7

relevant nor proportional to the needs of the case in consideration of the factors identified in Rule 26(b)(1). Subject to that objection, the Defendant will produce training materials regarding the use of pepperballs that were used in the training of those S.E.R.T. team members that responded to the cell of Mr. Chrisman on April 19, 2017.

**REQUEST FOR PRODUCTION NO. 18:**     All training materials received at the Oklahoma County Jail at any time from January 1, 2008, through the present, relating to the use of force armaments for shooting pepper balls.

**RESPONSE NO. 18:**     Training materials regarding the use of pepper balls and/or pepperball guns going back to a period of time almost 10 years prior to the death of Mr. Chrisman is overly broad. Subject to that objection, the Defendant will produce training materials regarding the use of pepperball guns that were used in the training of those S.E.R.T. team members that responded to the cell of Mr. Chrisman on April 19, 2017.

**REQUEST FOR PRODUCTION NO. 19:**     All training materials received at the Oklahoma County Jail at any time from January 1, 2008, through the present, relating to the use of pepper spray.

**RESPONSE NO. 19:**     The defendant objects to Request for Production No. 19 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1). Subject to that objection, the Defendant will produce training materials relating to the use of pepper spray that were in use at the time of the death of Mr. Chrisman.

8

**REQUEST FOR PRODUCTION NO. 20:**    All training materials received at the Oklahoma County Jail at any time from January 1, 2008, through the present, relating to the use of spit hoods.

**RESPONSE NO. 20:**    The Defendant objects to Request for Production No. 19 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1). Subject to that objection, the Defendant will produce training materials relating to the use of spit hoods that were in use at the time of the death of Mr. Chrisman.

**REQUEST FOR PRODUCTION NO. 21:**    All written/recorded/electronically stored statements of witnesses provided to the Oklahoma State Bureau of Investigation and/or federal investigative authorities pertaining to Charlton Cash Chrisman.

**RESPONSE NO. 21:**    Documents in the possession of the Defendant responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 22:**    All Documents provided to the Oklahoma State Bureau of Investigation and/or federal authorities pertaining to any and all investigations of the Oklahoma County Jail.

**RESPONSE NO. 22:**    The Defendant objects to Request for Production No. 22 as being overly broad and seeking documents that are neither relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).

9

**REQUEST FOR PRODUCTION NO. 23:**     All documents created at and/or received at the Oklahoma County Jail pertaining to the acquisition of pepper balls for possible use at the Oklahoma County Jail, including purchase orders, invoices, correspondence (written and/or electronic), internal memos, etc.

**RESPONSE NO. 23:**     The Defendant objects to Request for Production No. 23 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).

**REQUEST FOR PRODUCTION NO. 24:**     All documents created at and/or received at the Oklahoma County Jail pertaining to the acquisition of armaments for the possible firing of pepper balls at the Oklahoma County Jail, including purchase orders, invoices, correspondence (written and/or electronic), internal memos, etc.

**RESPONSE NO. 24:**     The Defendant objects to Request for Production No. 24 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).  Subject to that objection, documents pertaining to the acquisition of the pepperball guns that were used with Mr. Chrisman on April 19, 2017 will be produced.

**REQUEST FOR PRODUCTION NO. 25:**     All documents created at and/or received at the Oklahoma County Jail pertaining to the acquisition of spit hoods for possible use at the Oklahoma County Jail, including purchase orders, invoices, correspondence (written and/or electronic), internal memos, etc.

**RESPONSE NO. 25:**        The Defendant objects to Request for Production No. 25 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).

**REQUEST FOR PRODUCTION NO. 26:**        All documents created at and/or received at the Oklahoma County Jail pertaining to the acquisition of pepper spray for possible use at the Oklahoma County Jail, including purchase orders, invoices, correspondence (written and/or electronic), internal memos, etc.

**RESPONSE NO. 26:**        The Defendant objects to Request for Production No. 26 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).

**REQUEST FOR PRODUCTION NO. 27:**        All incident reports and all other documentation whatsoever pertaining to the firing of and/or use of pepper balls at the Oklahoma County Jail.

**RESPONSE NO. 27:**        The Defendant objects to Request for Production No. 27 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).

**REQUEST FOR PRODUCTION NO. 28:**        All medical records regarding all persons at whom fired pepper balls have been while at the Oklahoma County Jail. (The names of such persons maybe redacted for the present time.)

**RESPONSE NO. 28:**        The Defendant objects to Request for Production No. 28 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).

11

**REQUEST FOR PRODUCTION NO. 29:**     All policies and procedures which have ever existed at the Oklahoma County Jail from anytime from January 1, 2008, through the present, which in any way pertain to the subject of falling onto or into the body of the prisoner/detainee using one's knee.

**RESPONSE NO. 29:**     The Defendant objects to Request for Production No. 29 as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1). A request for documents covering a period of almost ten years prior to the death of Mr. Chrisman is overly broad. Subject to that objection, see Use of Force Policy in effect at the time of Mr. Chrisman's death.

**REQUEST FOR PRODUCTION NO. 30:**     The personnel files of John Whetsel, Colton Ray, Brian Harrison, Michael Coburn, Kristen Rangel and Franciso Placiencia.

**RESPONSE NO. 30:**     Subject to the existing protective order, these files will be produced. To the knowledge of the Defendant, a personnel file for John Whetsel was not maintained.

**REQUEST FOR PRODUCTION NO. 31:**     All documentation regarding the reassignment of SERT team members on or about April 19-21, 2017, following the death of Charlton Cash Chrisman.

**RESPONSE NO. 31:**     The Defendant objects to this request as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case

considering the factors identified in Rule 26(b)(1).  Subject to that objection, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 32:**   All documentation regarding the termination of Colton Ray as an employee of the Oklahoma County Sheriff's Office.

**RESPONSE NO. 32:**   The Defendant objects to this request as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).  Subject to that objection, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 33:**   All documentation regarding the termination of Brian Harrison as an employee of the Oklahoma County Sheriff's Office.

**RESPONSE NO. 33:**   The Defendant objects to this request as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).  Subject to that objection, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 34:**   All documentation regarding any and all disciplinary measures ever taken by the Oklahoma County Sheriff's Office and/or the Board against John Whetsel, Colton Ray, Brian Harrison, Michael Coburn, Kristen Rangel and/or Franciso Plasencia, including, but not limited to, verbal reprimands, written reprimands, "write ups," counseling, suspensions and all other forms of discipline and/or job performance counseling.

13

**RESPONSE NO. 34:**      The Defendant objects to this request as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).   Subject to that objection, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 35:**      All documentation received and/or created at the Oklahoma County Jail regarding "excited delirium," including, but not limited to, symptoms of excited delirium, recognition of excited delirium, causes of excited delirium and training regarding the handling of prisoner/detainees who experienced and/or who are subject to experiencing excited delirium.

**RESPONSE NO. 35:**      The Defendant objects to this request as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).   Subject to that objection, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 36:**      All incident reports and all other documentation regarding any and all prisoners/detainees at the Oklahoma County Jail who have ever been said to experience excited delieium.

**RESPONSE NO. 36:**      The Defendant objects to this request as being overly broad and seeking documents that are not relevant nor proportional to the needs of the case considering the factors identified in Rule 26(b)(1).

Respectfully submitted,

s/ Randall J. Wood
Randall J. Wood, OBA #10531
Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA # 32798
Pierce Couch Hendrickson
Baysinger & Green, L.L.P.
1109 N. Francis Ave.
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rwood@piercecouch.com
rlafferrandre@piercecouch.com
jhendrickson@piercecouch.com
***Attorneys for Defendants Board of
County Commissioners, Coburn,
Rangel, Plascencia, and Whetsel***

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of December, 2018, I caused to be e-mailed a true, correct and exact copy of the above and foregoing Responses and Objections to Plaintiff's Request for Productio of Documents to the following persons, at the emails indicated below:

Danny K. Shadid, OBA #8104
David W. Lee, OBA #5333
Riggs Abney Neal Turpen
Orbison & Lewis, P.C.
528 N.W. 12th Street
Oklahoma City, Oklahoma 73102
Telephone: (405) 843-9909
Facsimile: (405) 842-2913
dshadid@riggsabney.com
dwlee@riggsabney.com
*Attorney for Plaintiff*

Gary J. James, OBA #12718
Gary J. James & Associates
620 N. Robinson Ave., Suite 207
Oklahoma City, Oklahoma 73102
Telephone: (405) 521-9900
Facsimile: (405) 488-0529
gary@garyjameslaw.com
*Attorney for Defendants*
*Harrison and Ray*

s/ Randall J. Wood
Randall J. Wood