# Danny K. Shadid

| | |
|---|---|
| **From:** | Danny K. Shadid |
| **Sent:** | Monday, January 21, 2019 5:35 PM |
| **To:** | 'Randall Wood'; 'rlafferrandre@piercecouch.com'; jhendrickson@piercecouch.com |
| **Cc:** | Gary J. James; Amber Kalinski |
| **Subject:** | Chrisman Discovery |
| **Attachments:** | Ltr. to Randall Wood-1.21.2019-.pdf |

Randall et al.:

Please see my attached letter of this day pertaining to our pre-motion to compel conference of January 2, 2019.

Thank you.

Danny



# RIGGS ⓡ ABNEY
NEAL   TURPEN   ORBISON   LEWIS

Danny K. Shadid  
Of Counsel

DShadid@RiggsAbney.com  
Fax: (405) 842-2913

January 21, 2019

***VIA E-MAIL AND U.S. MAIL (rwood@piercecouch.com)***

Randall J. Wood  
PIERCE COUCH  
1109 N. Francis Ave.  
Oklahoma City, OK 73106

Re: *Elizabeth Ann Chrisman, as Special Administrator of the Estate of Charlton Cash Chrisman, Deceased, et al., v. Board of County Commissioners, et al.*, United States District Court for the Western District of Oklahoma, Case No. CIV-17-1309-D

Dear Randall:

This will confirm the manor in which we left our pre-Motion to Compel conference of Wednesday, January 2, 2019, regarding the below-discussed Interrogatories and Requests for Production, previously submitted by the plaintiff to the defendant Board of County Commissioners. It is now approaching three (3) weeks since our aforementioned conversation. I must ask that the Board immediately respond to the discovery matters which we discussed and which are summarized as follows:

## Interrogatories

**Interrogatory No. 1:** You were going to check about providing addresses and telephone numbers for the jail personnel (other than the named defendants). The plaintiff does insist upon production of this information.

**Interrogatory No. 3:** You were going to check about providing addresses and telephone numbers for the jail personnel shown in the video (other than the named defendants). The plaintiff does insist upon production of this information.

**Interrogatory No. 4:** You are going to be checking on obtaining the address and telephone numbers of the persons listed in your Answer to Interrogatory No. 4. The plaintiff does insist upon production of this information.

**Interrogatory No. 6:** We have agreed to live with your answer to Interrogatory No. 6, for the time being. I stated that the plaintiff would revisit Interrogatory No. 6, if the plaintiff felt it necessary as discovery proceeds.

**Interrogatory No. 7:** The plaintiff does require the requested information. All matters regarding subsequent remedial measures are discoverable and are, as we discussed, admissible under certain circumstances pursuant to Rule 407. I understand that you are going to give this further consideration.

Randall Wood
January 21, 2019
Page 2

**Interrogatory No. 8**: The plaintiff does require the answer to Interrogatory No. 8. I explained that the sources from which pepper balls have been obtained may likely possess and may have provided information regarding the proper use of pepper balls, the training for the use of pepper balls, safety measures and the like. It is my understanding that you are going to further consider this.

**Interrogatory No. 9**: The plaintiff does require the answer to Interrogatory No. 9. The Board's current objection is based primarily upon incident reports not being in "searchable" form and that it would take many man-hours to search the incident reports. Respectfully, the number of hours that it may take to go through incident reports dealing with the use of pepper balls on prisoners is extremely relevant to the subject matter of this case and is, without question, reasonably calculated to lead to the discovery of admissible evidence. I did advise that, if the Board would simply provide all the reports for inspection as allowed by Rule 34, I would provide the manpower to conduct the inspection to identify the incident reports involving the use of pepper balls.

**Interrogatory No. 10**: The plaintiff does require the answer to Interrogatory No. 10. I explained that the sources from which rifles, shot guns, hand guns and/or other types of armaments have been obtained for possible use for firing of pepper balls, may likely possess and may have provided information regarding the proper use of such armaments, the training for the use of such armaments, safety measures and the like. It is my understanding that you are going to further consider this.

**Interrogatory No. 11**: The plaintiff does require the answer to Interrogatory No. 11. I explained that the sources from which pepper spray have been obtained may likely possess and may have provided information regarding the proper use of pepper spray, the training for the use of pepper spray, safety measures and the like. It is my understanding that you are going to further consider this.

**Interrogatory No. 12**: The plaintiff does require the answer to Interrogatory No. 12. I explained that the sources from which spit hoods have been obtained may likely possess and may have provided information regarding the proper use of spit hoods, the training for the use of spit hoods, safety measures and the like. It is my understanding that you are going to further consider this.

**Interrogatory No. 13**: The plaintiff does require the answer to Interrogatory No. 13.

**Interrogatory No. 15**: We have agreed to live with your answer to Interrogatory No. 15, for the time being. I stated that the plaintiff would revisit Interrogatory No. 15, if the plaintiff felt it necessary as discovery proceeds.

**Interrogatory No. 16**: We have agreed to live with your answer to Interrogatory No. 16, for the time being. I stated that the plaintiff would revisit Interrogatory No. 16, if the plaintiff felt it necessary as discovery proceeds.

Randall Wood
January 21, 2019
Page 3

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** We have agreed to live with your answer to Request for Production No. 1 for the time being, the plaintiff reserves the right to revisit Request for Production No.1 if the plaintiff feels it necessary to do so.

**Request for Production No. 4:** It is my understanding that you will be checking to see if their exist e-mails responsive to this Request.

**Request for Production No. 5:** It is my understanding that you will be checking to see if there exist e-mails responsive to this Request.

**Request for Production No. 6:** The plaintiff does require the production of all use of force policies and procedures for the 10 years preceding the death of Mr. Chrisman. As we discussed, such materials would be subject to Oklahoma's Open Records Act. It is my understanding that you are going to further consider this.

**Request for Production No. 7:** The plaintiff does require the production of all use of force policies and procedures coming into existence on April 19, 2017 and thereafter, through the present. As we discussed, subsequent remedial measures are discoverable under Rule 407 and are admissible under some circumstances, some of which are referenced in the Rule but not limited therein.

**Request for Production No. 8:** The plaintiff does require the production of the documentation previously received at the Oklahoma County Jail from the United States Department of Justice from anytime January 1, 2008, through the present. We discussed the Board's reference, in another case where the Board has taken the position that the only report is one from 2008. Regardless, the plaintiff does require all such documentation. You advised that you were going to look into this further.

**Request for Production No. 9:** The plaintiff does require the production of all training materials pertaining to th training of the SERT Team members for the time period set forth in this Request. You advised that you are going to look into this matter again.

**Request for Production No. 15:** The plaintiff does require production of all training materials pertaining to the SERT Team members from April 20, 2017, and thereafter, through the present. As with other Requests and Interrogatories, we discussed that subsequent remedial measures can be admissible under certain circumstances and are definitely discoverable.

**Request for Production No. 16:** The plaintiff does require production of the requested materials.

**Request for Production No. 17:** The plaintiff does require production of the requested training materials regarding the use of pepper balls for the time period set forth in the Request.

Randall Wood
January 21, 2019
Page 4

**Request for Production No. 18:** The plaintiff does require production of the requested training materials regarding the use of armaments for shooting pepper balls for the time period set forth in the Request.

**Request for Production No. 19:** The plaintiff does require production of the requested training materials regarding the use of pepper spray for the time period set forth in the Request.

**Request for Production No. 20:** The plaintiff does require production of the requested training materials regarding the use of spit hoods for the time period set forth in the Request.

**Request for Production No. 22:** At the time of our meeting, we discussed revisiting this Request. At this time, the plaintiff advises that the plaintiff does require the materials set forth in this Request.

**Request for Production No. 23:** The plaintiff does require production of the requested materials pertaining to the acquisition of pepper balls for possible use at the Oklahoma County Jail as set forth in the Request.

**Request for Production No. 24:** The plaintiff does require production of the requested materials pertaining to the acquisition of armaments for possible firing of pepper balls at the Oklahoma County Jail as set forth in the Request.

**Request for Production No. 25:** The plaintiff does require production of the requested materials pertaining to the acquisition of spit hoods for possible use at the Oklahoma County Jail as set forth in the Request.

**Request for Production No. 26:** The plaintiff does require production of the requested materials pertaining to the acquisition of pepper spray for possible use at the Oklahoma County Jail as set forth in the Request.

**Request for Production No. 27:** The plaintiff does require the production of all incident reports and all other documents pertaining to the firing of and/or use of pepper balls at the Oklahoma County Jail.

**Request for Production No. 28:** The plaintiff does require the medical records of persons at whom pepper balls have been fired at the Oklahoma County Jail, with redactions of names for the time being. As we discussed, the plaintiff, at present, seeks documentation which will likely include the effects pepper balls on persons.

**Request for Production No. 29:** The plaintiff does require the requested Policies an Procedures dating back from 2008 to the present, dealing with the subject of falling onto the body of the prisoner/detainee using ones knee.

Randall Wood
January 21, 2019
Page 5

**Request for Production No. 35:** You indicated that there could be more documentation received and/or created at the Oklahoma County Jail regarding excited delirium. You indicated that you would further check.

**Request for Production No. 36:** The plaintiff does require all incident and all other documentation regarding prisoners/ detainees at the Oklahoma County Jail who had ever been said to experience excited delirium.

Additionally, throughout many of the Board's Answers to Interrogatories and Responses to Requests for Production, there are many references to possible privileges. Pursuant to Rule 26(b)(5), please provide a privilege log describing the documents claimed to privilege in sufficient detail so as to allow identification of all documents.

Finally, time is of the essence. As you know we have discussed the plaintiff commencing depositions of my clients in mid-February. However, the plaintiff cannot conduct many, if not all of the depositions until the documents and other requested information is produced and/or the issues adjudicated. Please advise as to the Board's final responses to the plaintiffs Interrogatories and requests for Production in light of our conference of January 2, 2019.

Thank you.

Sincerely,

Danny K. Shadid


cc: Gary James