IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ELIZABETH ANN CHRISMAN, as Special Administrator of the Estate of Charlton Cash Chrisman, Deceased, Individually as Surviving Mother and on behalf of the Heirs of Charlton Cash Chrisman, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>1. COUNTY OF OKLAHOMA COUNTY, OKLAHOMA COUNTY, et al.,<br><br>        Defendants. | Case No. CIV-17-1309-D |

**BRIEF IN SUPPORT OF PLAINTIFF'S COMBINED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM DEFENDANT BOARD OF COUNTY COMMISSIONERS**

**AND**

**TO SUPPLEMENT RESPONSES TO REQUESTS FOR PRODUCTION AND ANSWERS TO INTERROGATORIES**

COMES NOW the plaintiff, by and through her attorney, Danny K. Shadid, and hereby submits the following Brief in Support of the plaintiff's Motion to Compel (Doc. No. 63) filed this day. The plaintiff hereby adopts and incorporated herein by reference all arguments and authorities set forth in the plaintiff's said Motion to Compel.

**ARGUMENT AND AUTHORITIES**

The general scope of discovery is governed by Fed.R.Civ.P. 26(b)(1) which provides in pertinent part:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding ***any nonprivileged matter that is relevant to any party's claim*** or defense and proportional to the needs of the case, considering the ***importance of the issues*** at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. ***Information within this scope of discovery need not be admissible in evidence to be discoverable.***" (Emphasis added.)

The federal courts have been consistent in holding that the information sought to be discovered need not be admissible at trial, as long as the information sought is reasonably related and calculated to lead to the discovery of other information which may constitute admissible evidence. Further, in the newest version of Rule 26(b)(1), the defendant Board must show that any burden in producing the requested information outweighs the likely benefit of the information. In the present case, the only burden ever mentioned by the defendant Board has been in relation to sifting through use of force reports to identify every instance in which pepper balls have been used on prisoners from January 1, 2008, and after. To address any purported "burden" in reviewing use of force reports, the plaintiff had volunteered to produce the manpower to review the reports in search of instances when pepper balls have been shot at prisoners/detainees. In this regard, Rule 34 of the Federal Rules of Civil Procedure specifically allows for the physical production of documents so as to allow actual inspection of the documents. The purported burden of reviewing reports does not even closely outweigh the likely benefit of the information.

In *Miner v. Kendall*, (D. Kan.),1996 U.S. Dist. LEXIS 18801, 1996 WL 740566 (Appendix 1, hereto), the Court dealt with the subject of the discoverability of subsequent remedial measures.  Before addressing the issue under Fed.R.Evid. 407, the Court first addressed the general scope of discovery and in particular addressed the definition of "relevance" within the context of discovery.   The Court said:

> "Fed.R.Civ.P. 26(b)(1) permits the discovery of **any material relevant to the subject matter** of an action **which is not privileged.** The rule specifically states that "the information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." **Relevance is defined** as encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. A request for discovery **should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action**. Discovery should ordinarily be allowed under the concept of relevancy **unless it is clear that the information sought can have no possible bearing** upon the subject matter of this action. *Jones v. Boeing Co., 163 F.R.D. 15, 16 (D. Kan. 1995); Gheesling v. Chater, 162 F.R.D. 649, 650 (D. Kan. 1995)."* (Emphasis added.)  *Miner v. Kendall*, 1996 U.S. Dist. LEXIS 18801, at 4.

Similarly, the United States District Court for the District of New Mexico, in *Rivera v. Volvo Cars of N. Am.*, *LLC*, (D. N.M.), 2014 U.S. Dist. LEXIS 200081 (Appendix 2, hereto), again emphasized that relevancy, **for purposes of discovery**, does not mean that the information sought to be discovered must be admissible at trial. *Rivera* also involved discoverability of subsequent remedial measures.  As did the Court in *Miner*, the Court in *Rivera* also initially addressed the concept of relevancy within the context of discovery. The Court in *Rivera* said:

> "Discovery under Rule 30(b)(6) must also comport with general discovery principles outlined in Federal Rule of Civil Procedure 26(b). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). '***Relevant information need not be admissible at trial*** if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.' " (Emphasis Added) *Id.*, at 3.

Subsequent remedial measures are addressed in Rule 407 of the Federal Rules of Evidence, which provides as follows:

> "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.
>
> ***But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.***" (Emphasis added.)

In addressing the discoverability of subsequent remedial measures, the Court in *Miner*, *supra*, stated:

> "This court has previously held that the discoverability of information is governed by whether it would be relevant, not by whether the information discovered would be admissible at trial. *Mid Continent Cabinetry Inc. v. George Koch Sons, Inc., 130 F.R.D. 149, 152 (D. Kan. 1990). Rule 407* is a rule of admissibility at trial, it is not a rule governing pretrial discovery.

>   2 Weinstein, *Weinstein's Evidence* P 407[07] at 407-44 (1996) states as follows:
>
>   > 'The standard of admissibility established by Rule 407 for evidence of subsequent remedial measures is not the same as that for pretrial discovery. Some courts have failed to make the distinction and denied discovery on the grounds of relevancy. The better view is to permit discovery, not only because Rule 407 is essentially a rule of public policy rather than of relevancy, but also because subsequent remedial measures might be admissible to prove a consequential, material fact in issue other than negligence.'
>
>   This court is in full agreement with this analysis by Judge Weinstein. Other courts that have recently considered this question have also adopted this view. *See Trzeciak v. Apple Computers, Inc.*, 1995 U.S. Dist. LEXIS 428, No. 94 Civ. 1251, 1995 WL 20329 at *2, *8 n.1 (S.D. N.Y. 1995); *Capellupo v. FMC Corp.*, 1988 U.S. Dist. LEXIS 3792, Civ. No. 4-85-1239, 1988 WL 41398 at *6 (D. Minn. 1988); *Sencon Systems, Inc. v. W.R. Bonsal Co.*, No. 85 C 8250, *1987 WL 11848* at *2 (N.D. Ill. 1987).
>
>   While any subsequent remedial measures sought are not admissible at trial to prove negligence or culpable conduct, ***such measures could nonetheless be relevant to the issues in this case, or could lead to other matter that might be relevant to this case, or might be admissible to prove a consequential material fact other than negligence or culpable conduct.*** Therefore, the motion for a protective order will be denied." (Emphasis added.) *Miner v. Kendall*, (D. Kan.),1996 U.S. Dist. LEXIS 18801, 1996 WL 740566, at 5.

Likewise, the Court in *Rivera, supra,* emphasized that not only subsequent remedial measures were discoverable, but that they could also be admissible for numerous other purposes under Rule 407. In that case, the Court had before it issues of products liability and

defective design. Their, the Court noted that subsequent remedial measures could be admissible to show feasibility of a different design. The Court in *Rivera* said:

> "VCNA insists that future design changes do not prove defective design. Indeed, *Federal Rule of Evidence 407*, upon which VCNA relies, provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction." *Fed. R. Evid. 407*. *Rule 407* goes on to provide, however, that subsequent remedial measures are admissible ***for other purposes, such as to show feasibility of design.*** *Id*. As a result, the design changes to the 2011 Volvo S60, even if they are found to constitute subsequent remedial measures, are nevertheless relevant, and may even ultimately be admissible, to show feasibility of an alternative design. Accordingly, the Court finds this topic reasonably calculated to lead to the discovery of admissible evidence. VCNA's motion is denied with respect to Topic Two."(Emphasis added.) *Rivera v. Volvo Cars of N. Am., LLC*, (D. N.M.), 2014 U.S. Dist. LEXIS 200081, at 5.

In the present case, subsequent actions bear upon feasibility of alternate/additional training measures, feasibility of cautionary policies and procedures, impeachment, control of the prior situations, control of prior policies and procedures, and likely many more aspects of this case, all of which ultimately go to the question of deliberate indifference on the part of the defendant Board and those in charge of the Oklahoma County Jail.

Respectfully submitted,

s/ Danny K. Shadid
Danny K. Shadid, OBA No.8104
Of Counsel
RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS LAW FIRM
528 NW 12th Street
Oklahoma City, OK 73103
Phone: (405) 843-9909
Facsimile: (405) 842-2913
E-mail:dshadid@riggsabney.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Randall J. Wood, OBA#10531
Robert S. Lafferrandre, OBA#118977
Jeffrey C. Hendrickson, OBA#32798
Pierce Couch Hendrickson
Baysinger & Green, L.L.P.
1109 N. Francis Ave.
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (450) 235-2904
rwood@piercecouch.com
rlafferrandre@piercecouch.com
jhendrickson@piercecouch.com

Attorneys for Defendants Board of County
Commissions; County of Oklahoma County;
P.D. Taylor, officially; Michael Coburn,
individually; Kristian Rangel, individually;
Franciso Plasencia, individually;
and John Whetsel, individually

-and-

Gary J. James, OBA#12718
Gary J. James & Associates, P.C.
P.O. Box 2443
Oklahoma City, OK 73102
Telephone: (405) 521-9900
Facsimile: (405) 488-0529
E-mail: gary@garyjameslaw.com
Attorney for Defendants Colton Ray
and Brian Harrison

                                              s/Danny K. Shadid
                                              Danny K. Shadid